# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-1698V**

ASHLEY LONCARICH-BOECKMAN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 20, 2026

*Timothy Patrick Clancy, Clancy & Thompson, PLLC, Tulsa, OK, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 18, 2024, Ashley Loncarich-Boeckman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 19, 2022. Petition, ECF No. 1. On December 16, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 25.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On July 2, 2026, Respondent filed a Joint Status Report stating that Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case. Joint Status Report Regarding Petitioner's Attorneys' Fees and Costs ("JSR"), ECF No. 29. The parties also represent that they have conferred regarding the overall amount sought. *Id*. As the JSR states,

> **Respondent submits that $9,759.81 is appropriate and reasonable under the circumstances of the case. Accordingly, the parties recommend that the Chief Special Master's decision and the Court's judgment award the following: Petitioner is awarded attorneys' fees and costs in a lump sum of $9,759.81, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

*Id*.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I have reviewed the billing records submitted with the JSR. The fees request appears reasonable, and I find no cause to reduce the requested amount. Petitioner has also provided supporting documentation for all claimed costs. I find the requested costs reasonable and hereby award them in full.

**Accordingly**, **Petitioner is awarded fees and costs in the total amount of $9,759.81 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.